

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-19-00472-CV

**IN RE** John M. **DONOHUE**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: September 25, 2019

PETITION FOR WRIT OF MANDAMUS DENIED

On August 2, 2019, relator filed a pro se petition for writ of mandamus complaining of the trial court's orders declaring him a vexatious litigant, denying his motion to reinstate after the trial court dismissed his lawsuit for want of prosecution, and granting pleas to the jurisdiction filed by the defendants in his lawsuit. As a pro se vexatious litigant, relator is prohibited from filing any new litigation in a court of this State without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE §§ 11.102(a), 11.103(a). "A petition for writ of mandamus is a civil action to which the vexatious litigant statute applies." *In re Crenshaw*, 05-19-00633-CV, 2019 WL 2710755, *1 (Tex. App.—Dallas June 28, 2019, orig. proceeding) (mem. op.); *see also* TEX. CIV. PRAC. & REM. CODE § 11.103(a) (clerk of a court "may not file [an]

---

[1] This proceeding arises out of Cause No. CV-15-0000271, styled *John M. Donohue v. Bandera County Law Enforcement Personnel, et al.*, pending in the 198th Judicial District Court, Bandera County, Texas, the Honorable M. Rex Emerson presiding.

. . . original proceeding . . . presented, pro se, by a vexatious litigant subject to a prefiling order" unless pro se litigant first obtains permission from appropriate local administrative judge).

On August 12, 2019, this court ordered relator to file in this court an order from the appropriate local administrative judge granting relator permission to bring this original proceeding. Relator filed a motion asking this court to reconsider our August 12, 2019 order. Relator relied on Texas Civil Practice and Remedies Code section 11.102(f), which provides in relevant part as follows:

> A decision of the appropriate local administrative judge described by Subsection (a) *denying a litigant permission to file a litigation* under Subsection (d), or conditioning permission to file a litigation on the furnishing of security under Subsection (e), is not grounds for appeal, except that *the litigant may apply for a writ of mandamus with the court of appeals* not later than the 30th day after the date of the decision. . . . .

TEX. CIV. PRAC. & REM. CODE § 11.102(f) (emphasis added).

Relator is not seeking mandamus relief "from [a] decision of the appropriate local administrative judge . . . denying [relator] permission to file a [new] litigation . . . ." Instead, as stated above, relator is seeking mandamus relief from the trial court's orders denying his motion to reinstate after the trial court dismissed his lawsuit for want of prosecution and granting pleas to the jurisdiction filed by the defendants in his lawsuit.[2] Accordingly, this court concluded section 11.102(f) did not apply, and we again ordered relator to file an order from the appropriate local administrative judge granting him permission to bring this original proceeding.

Relator responded to our order stating the administrative judge denied him permission to file a petition for writ of mandamus. Nevertheless, relator asks this court to reverse the judge's order and allow the original proceeding to continue. We decline the request. Because the local

---

[2] Relator also seeks mandamus relief from the trial court's order declaring him a vexatious litigant. However, he has an appeal pending before this court appealing from that order.

administrative judge denied relator's request to file an original proceeding, relator is not entitled to seek mandamus relief from the trial court's orders. Therefore, we deny relator's petition for writ of mandamus.

PER CURIAM